IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| RICHARD ALAN JUERGENS, ) | Case No. 12-21841-drd |
| ) | |
| Debtor. ) | |
| ) | |
| _____ ) | |
| ) | |
| JOHN C. REED, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | Adversary No. 13-02028-drd |
| ) | |
| RICHARD ALAN JUERGENS; and ) | |
| Richard Alan Juergens, Co-Trustee of the ) | |
| Richard Alan Juergens Irrevocable Trust ) | |
| Dated Februay 19, 2010; and Jessica Anne ) | |
| Juergens Co-Trustee of the Richard Alan ) | |
| Juergens Irrevocable Trust dated February ) | |
| 19, 2010, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Before this Court are the Motions for Summary Judgment (the "Motions") filed by Richard Alan Juergens; and Richard Alan Juergens, Co-Trustee of the Richard Alan Juergens Irrevocable Trust Dated February 19, 2010, and Jessica Anne Juergens Co-Trustee of the Richard Alan Juergens Irrevocable Trust dated February 19, 2010 (the "Defendants")[1] against John C. Reed, Trustee (the "Trustee" or "Plaintiff"). The Trustee also filed a cross-motion for

---

[1] The Defendants' Motions for Summary Judgment are identical.

1

summary judgment in his Response. The Trustee initiated the adversary proceeding seeking an avoidance and recovery of certain property transferred from one trust into another by Debtor pursuant to Mo. Rev. Stat. §§ 428.024.1(2)(b), 428.029.1, 428.024.1(1) and 11 U.S.C. § 548(e)(1). In accordance with Rule 7056 of the Federal Rules of Bankruptcy Procedure and for the reasons set forth below, the Court denies both Defendants' Motions for Summary Judgment and Plaintiff's cross-Motion for Summary Judgment.

## I.   FACTUAL BACKGROUND

The following facts are undisputed. On March 5, 1991, debtor Richard Juergens ("Debtor") created the Richard Alan Juergens Revocable Intervivos Trust ("1991 Trust"). The 1991 Trust included real property hereafter referred to as the "21 Acres." On February 19, 2010, Debtor created the Richard Alan Juergens Irrevocable Trust (the "2010 Trust"). The 2010 Trust included the same property as that in the 1991 Trust. On March 5, 2010, Debtor executed a Trustee's Warranty Deed to transfer the 21 Acres from the 1991 Trust to the 2010 Trust. Debtor had assets and debts, including joint assets with his wife, at the time of the transfer of property.

Debtor filed a Chapter 7 bankruptcy petition on December 16, 2012. Subsequently, Trustee filed a Complaint for Avoidance and Recovery of Transfer Pursuant to Mo. Rev. Stat. §§ 428.024.1(2)(b), 428.029.1, 428.024.1(1) and 11 U.S.C. § 548(e)(1). Trustee sought to have the transfer of the 21 Acres from the 1991 Trust into the 2010 Trust avoided under these sections. Debtor filed a Motion for Summary Judgment and Trustee appears to have asserted a cross-motion for Summary Judgment in his Response.

## LEGAL ANALYSIS

### A.   Standard for Summary Judgment

Bankruptcy Rule 7056, applying Federal Rule of Civil Procedure 56(c), provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *See Celotex v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has met this burden, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial, and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion. *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Freyermuth v. Credit Bureau Serv., Inc.*, 248 F.3d 767, 770 (8th Cir.2001); Fed.R.Civ.P. 56(c).

### B. Discussion

Counts I & II of Trustee's Complaint seek to avoid the transfer under Mo. Rev. Stat. 428.024.1(2)(b) and 428.029.1. The elements to prevail under §428.024.1(2)(b) are (1) there was a transfer made or obligation incurred by Debtor; (2) creditors' claims arose before or after the transfer was made; (3) Debtor did not receive reasonably equivalent value in exchange for the transfer; (4) Debtor intended to incur, or should have reasonably believed that he would incur, debts beyond his ability to pay as they became due; and (5) the transfer was made within 4 years of the bankruptcy filing. Section 428.029.1 requires that (1) there was a transfer made or obligation incurred by Debtor; (2) creditors' claims arose before the transfer was made; (3) Debtor did not receive reasonably equivalent value in exchange for the transfer; (4) Debtor was

3

insolvent at the time of the transfer or became insolvent as a result of the transfer; and (5) the transfer was made within 4 years of the bankruptcy filing.

Debtor contends there are two issues to be resolved and that there are no controverted material facts concerning those issues. The issues Debtor raises are (1) what was the "fair valuation" of Debtor's assets at the time he transferred trust property from the 1991 Trust into the 2010 Trust on or about March 5, 2010; and (2) whether Debtor was "solvent" at the time he transferred trust property from the 1991 Trust into the 2010 Trust. The Trustee argues that these issues relate only to certain elements contained in Counts I and II and thus, Debtors' Motions for Summary Judgment are in fact motions for partial summary judgment. The Court is inclined to agree but notes that Trustee then proceeds to argue for summary judgment on Counts III and IV in its Response based on actual fraud by Debtor. The Court will first address the issues set forth by Debtor.

Debtor has failed to address any of the elements required under Count I as solvency and valuation are not required elements of §428.024.1(2)(b). Further, Count I contains an element of Debtor's intent at the time of transfer, or an inference as to Debtor's reasonable belief at the time of transfer, that he would incur debts beyond his ability to pay as they became due. This also to some extent encompasses the valuation of assets issue as that is intertwined with Debtor's ability to pay his debts. "Fair valuation" means value that can be made promptly effective by the owner of property to pay his debts and is value that could be available for payment of debts within a reasonable time by a willing seller and a willing buyer who was able to buy. *See In re Schindler*, 223 F. Supp. 512 (E.D. Mo. 1963). Thus, Debtor's reasonable belief as to the value of his property and his ability to use that value to pay his debts is controverted as discussed below regarding the valuation of assets. The intent issue is also discussed further below. Accordingly,

there is no basis for the Court to grant summary judgment on Count I of Debtors' or Trustee's Motions.

As to Count II, the Court must make a determination of Debtor's solvency on the date of the transfer of trust property from the 1991 Trust into the 2010 trust in order to determine whether the Trustee has proven the necessary elements under § 428.029.1.. A component of determining Debtor's solvency on a certain date is to determine the fair valuation of his assets on such date. *See, e.g., Farmers Bank of Clinton, Missouri v. Julian*, 383 F.2d 314 (8th Cir. 1967); *Schindler*, 223 F.Supp. 512.

Debtor has attached a list of assets to his Memorandum of Law in Support of Summary Judgment. The values assigned to such assets are based on Debtor's estimated "yard sale" value for certain items, an estimated market value for certain equipment and an appraised value from the county tax assessor's office for the 21 Acres. The Trustee argues and provides evidence that some of the assets listed were owned jointly by Debtor and his wife or did not belong to Debtor and should not be included in his asset valuation[2]. The Trustee also contends that the valuation method used by Debtor in estimating the value of certain property was not accurate and that the valuation of the 21 Acres is incorrect and should not be included in the asset total[3]. Further, Trustee presents its own expert's valuation of the assets which is different than the valuation by Debtor.

The second issue raised by Debtor relates to whether he was solvent at the time he transferred the trust property. As noted by Debtor, the fair value of Debtor's assets on the date of

---

[2] For example, $23,240 of the listed assets were owned jointly by Debtor and his wife as tenancy by the entireties including $5,115 in household goods, $175 in DVDs and collectibles, $400 in wedding rings, $6,500 in jewelry, $3,000 for 1999 Mercury Villager, $1,000 for 1989 Honda Hawk Motorcycle, $6,500 for 2001 Volvo S60, $500 for 1989 Ford Festiva, $50 for cats. Debtor also testified at deposition that some assets did not belong to him such as $1,500 in clothing and a $4,746 tax refund.

[3] The $16,300 value placed on the 1991 Trust was based on County Assessor's property assessment; $18,200 of the assets was exempt under the non-bankruptcy exemptions of state statutes; and Trustee's expert appraised Debtor's equipment at $23,484 versus Defendants' value of the same equipment at $33,221.86.

5

transfer must be determined in order to determine his solvency. Here, simply put, there is a genuine dispute as to the "fair valuation" of Debtor's property at the time he transferred such property into the 2010 Irrevocable Trust. Because the valuation of Debtor's assets at the time of the transfer is necessary for the Court to analyze the elements of Count II, neither party is entitled to judgment as a matter of law under Rule 56(c) on that Count.

The elements necessary to prove under Count III, Mo. Rev. Stat. 428.024.1(1), are (1) there was a transfer made or obligation incurred by Debtor; (2) Creditors' claims arose before or after the transfer was made; (3) Debtor made the transfer with actual intent to hinder, delay, or defraud any creditors of the Debtor; and (4) the transfer was made within 4 years of the bankruptcy being filed. Section 548(e)(1) requires that (1) there was a transfer made; (2) of interest of the Debtor in property; (3) the transfer was made within 10 years of the filing of the bankruptcy petition; (4) the transfer was made to a self-settled trust; (5) the transfer was made by the Debtor; (6) the Debtor is a beneficiary of the self-settled trust; (7) the Debtor made the transfer with the actual intent to hinder, delay or defraud any creditor; and (8) there is a creditor to which the Debtor was, or became, on or after the date of the transfer, indebted.

The Trustee argues that there are uncontroverted material facts that support Debtor had the actual intent to defraud his creditors, the only element at issue in Counts III and IV, and moves for summary judgment on those Counts. Ordinarily, fraudulent intent is a question to be determined by a jury or by the court as fact-finder and not on a motion for summary judgment. *Jackson v. Star Sprinkler Corp. of Florida,* 575 F.2d 1223, 1231 (8th Cir. 1978); *Massey-Ferguson, Inc. v. Bent Equipment Co.*, 283 F.2d 12, 15 (5th Cir. 1960). However, Fed.R.Civ.P. 56 can apply and the question is one of the existence of material issues of fact. 6 Pt. 2 Moore's Federal Practice ¶ 56.17(27) (2d ed. 1976). When, as is the case here, there is no direct evidence

6

of actual intent by Debtor to defraud creditors then the Court may look at "badges of fraud," set forth in Mo. Rev. Stat. § 428.024.2[4], to infer the presence of actual fraud. In order to apply the badges of fraud, the Court must draw inferences from the evidence, and the benefit of any inferences that reasonably might be inferred from the evidence must be drawn on behalf of the non-moving party. *In re Diagnostic Instrument Group, Inc.*, 283 B.R. 87 (Bankr. M.D. Fla. 2002).

The Trustee contends that badges 1, 2, 5 and 9 are present and uncontroverted. However, badge 5 provides that the transfer was of substantially all of the debtor's assets. As discussed, both sides have presented contradictory evidence as to what assets were owned by Debtor and at what time period. Without a determination of what assets Debtor in fact owned the Court cannot determine if Debtor transferred substantially all of such assets. In addition, badge 9 goes to the insolvency of Debtor at or near the time of the transfer and, as discussed above, the question of such insolvency is controverted and not proper for summary judgment. Both sides have presented contradictory evidence on the assets and the value of those assets. Intent is a factual issue on which the credibility of the debtors must be ascertained, and on which the badges of fraud will be relevant, so the Court will not grant summary judgment at this time based on the material controverted facts that are still necessary for determination. *See In re Hedlund*, 2010

---

[4] The badges of fraud include whether (1) the transfer or obligation was to an insider; (2) the debtor retained possession or control of the property transferred after the transfer; (3) the transfer or obligation was disclosed or concealed; (4) before the transfer was made or obligation was incurred, the debtor has been sued or threatened with suit; (5) the transfer was of substantially all of the debtor's assets; (6) the debtor absconded; (7) the debtor removed or concealed assets; (8) the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; (9) the debtor was insolvent or became insolvent shortly before or shortly after a substantial debt was incurred; (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) the debtor transferred the essential assets of a business to a lienor who transferred the assets to an insider of the debtor. Mo. Rev. Stat. §428.024.2.

WL 2306664 (Bankr. D. Neb. 2010). Thus, Trustee is not entitled to judgment as a matter of law under Rule 56(c) on Counts III & IV.

As stated above, the law is well established that summary judgment is only appropriate when the pleadings show no genuine issue as to any material fact. *Celotex Corp,* 477 U.S. 317; *Mandel,* 719 F.2d at 965. Upon review of the pleadings and other documents submitted in this case the court concludes that several material issues of fact remain. These include the fair valuation of Debtor's assets at the time of the transfer and whether Debtor was insolvent at the time of the transfer. Also at issue is what assets Debtor owned and on what date did he own certain assets. There also remains a factual issue as to whether Debtor made the transfer with the actual intent to hinder, delay, or defraud a creditor. This is not an exhaustive recitation of the factual issues remaining in this case, rather these are examples given to indicate that summary judgment is not appropriate in this case.

## CONCLUSION

After reviewing the entire record, the Court finds that there is a genuine issue as to the fair valuation of Debtor's assets at the time of the transfer at issue. The Court also finds that there is a genuine issue at to the Debtor's intent at the time he made the transfer. Neither the Debtors nor the Trustee met their burden of proving that there is no genuine issue of fact and that they are entitled to judgment as a matter of law. Accordingly, the Defendants' Motions for Summary Judgment and the Trustee's cross-motion for Summary Judgment are denied.

Dated:  March 11, 2014                          /s/Dennis R. Dow
                                                THE HONORABLE DENNIS R. DOW
                                                UNITED STATES BANKRUPTCY JUDGE